

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 SEP 29  PM 12: 46

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOMINIC LEBOUEF                             CIVIL ACTION

VERSUS                                      NUMBER: 05-0778

BURL CAIN                                   SECTION: "T"(5)


### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for federal habeas corpus relief of petitioner, Dominic LeBouef, and the State's response thereto. (Rec. docs. 1, 3). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that LeBouef's petition be dismissed with prejudice.

Petitioner LeBouef is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On June 5, 1998, LeBouef was found guilty of one count of second degree murder, one count of attempted second degree murder, and one count of attempted armed robbery after trial, by jury, in the Seventeenth Judicial District Court for the Parish of

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Lafourche, State of Louisiana. On June 30, 1998, LeBouef was sentenced to consecutive terms of imprisonment of life, fifty years, and thirty-five years, said sentences to be served without benefit of parole, probation, or suspension of sentence.

LeBouef directly appealed his conviction and sentences to the Louisiana First Circuit Court of Appeal which affirmed same in an unpublished opinion on September 24, 1999. State v. LeBouef, 744 So.2d 232 (La. App. 1st Cir. 1999)(table). Writs were denied by the Louisiana Supreme Court on August 23, 2000. State ex rel. LeBouef v. State, No. 2000-KH-0216 (La. Aug. 23, 2000)(unpublished order). (St. ct. rec., vol. 8 of 11). LeBouef's conviction became final ninety days later, or November 22, 2000, when the ninety-day period for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup. Ct. R.13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

Thereafter, Lebouef made no challenge to his conviction until August 13, 2001, some two hundred sixty-two days later, when he signed a post-conviction relief application ("PCRA") that was ultimately denied by the state trial court on October 11, 2001. (St. ct. rec., vol. 9 of 11). From that unfavorable ruling, writs were denied by the Louisiana First Circuit, State ex rel. LeBouef v. State, No. 2001-KW-2872 (La. App. 1st Cir. May 20,

2002)(unpublished order)(St. ct. rec., vol. 10 of 11), and the Louisiana Supreme Court. State ex rel. LeBouef v. State, 845 So.2d 1086 (La. 2003). LeBouef's most recent writ application to the Louisiana Supreme Court was denied as repetitive on June 25, 2004. State ex rel. LeBouef v. State, 876 So.2d 820 (La. 2004). On February 25, 2005, some two hundred forty-four days later, LeBouef signed his federal habeas petition. (Rec. doc. 1).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like LeBouef now have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that LeBouef's conviction became final on November 22, 2000, he had no challenges to his conviction pending before the state courts until August 13, 2001, two hundred sixty-two days later, when he executed his PCRA. Another two hundred forty-four

days of untolled time passed between June 25, 2004, the date his most recent writ application was denied by the Louisiana Supreme Court, and February 25, 2005, the date he signed his federal habeas petition. Cumulating those two periods of untolled time (i.e., 262 + 244 = 506), it is obvious that LeBouef's petition comes some one hundred forty-one days too late. As no facts are present warranting the application of equitable tolling, LeBouef's petition should be dismissed as untimely under §2244(d).

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Dominic LeBouef be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

Baton Rouge, ~~New Orleans,~~ Louisiana, this 28 day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

4